ACCEPTED
05-25-00669-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
8/21/2025 3:02 PM
RUBEN MORIN
CLERK

IN THE

COURT OF APPEALS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
8/21/2025 3:02:59 PM
Ruben Morin
Clerk

FOR THE FIFTH DISTRICT OF TEXAS

AT DALLAS

---

TOMMY GARRETT

APPELLANT

V.

THE STATE OF TEXAS

APPELLEE

---

CAUSE NUMBER: 05-25-00669-CR

---

ON APPEAL FROM CAUSE NUMBER: F21-58640
292ND DISTRICT COURT
OF DALLAS COUNTY, TEXAS

---

APPELLANT'S BRIEF

---

Allan Fishburn
State Bar Number 07049110
1910 Pacific Avenue
Suite 18800
Dallas, Texas 75201
(214) 761-9170
allanfishburn@yahoo.com

# IDENTITY OF THE COURT, PARTIES AND COUNSEL

THE COURT

Honorable Brandon Birmingham
292nd District Court
Dallas County, Texas

PARTIES

| | |
|---|---|
| TOMMY GARRETT | Appellant |
| THE STATE OF TEXAS | Appellee |

COUNSEL

| | |
|---|---|
| Ms. Isabelle Dominguez<br>Assistant District Attorney<br>Frank Crowley Courts Building<br>133 N. Riverfront Boulevard<br>Dallas, Texas 75207 | Attorney for the State |
| Mr. William Davidson<br>Assistant District Attorney<br>Frank Crowley Courts Building<br>133 N. Riverfront Boulevard<br>Dallas, Texas 75207 | Attorney for the State |
| Mr. Jeff Lehman<br>1910 Pacific Avenue<br>Suite 18800<br>Dallas, Texas 75201 | Attorney for Defendant |
| Mr. Allan Fishburn<br>1910 Pacific Avenue<br>Suite 18800<br>Dallas, Texas 75201 | Attorney for Appellant |

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES                                    2

TABLE OF CONTENTS                                          3

INDEX OF AUTHORITIES                                       4

STATEMENT OF THE CASE                                      5

ISSUES PRESENTED                                           6

STATEMENT OF FACTS                                         7

POINT OF ERROR ONE                                         16

THE EVIDENCE IS INSUFFICIENT TO PROVE
APPELLANT VIOLATED HIS PROBATION BY
POSSESSING A CONTROLLED SUBSTANCE

SUMMARY OF ARGUMENT                                        16

ARGUMENT                                                   16

PRAYER                                                     19

CERTIFICATE OF COMPLIANCE                                  20

CERTIFICATE OF SERVICE                                     20

# INDEX OF AUTHORITIES

**CASES**

Brooks v. State, 323 S.W. 3d 893            19
(Tex. Crim. App. 2010)

Caballero v. State, 706 S.W. 3d 562           18
(Tex. App. – Austin 2024)

Hacker v. State, 389 S.W. 3d 860            19
(Tex. Crim. App. 2013)

**STATEMENT OF THE CASE**

On December 11, 2023, Appellant was placed on deferred probation for a period of 5 years.  (C.R. p. 58)

On July 30, 2024, the State filed a motion to revoke. (C.R. p. 79-80)

On May 27, 2025, a hearing was held on the State's motion to revoke.  (R.R. Vol. 2, p. 1)

The Trial Court adjudicated Appellant's guilt in all three cases.  (R.R. Vol. 3, p. 29)

Sentence was set at 8 years confinement in all three cases.  (R.R. Vol. 3, p. 36)

**ISSUES PRESENTED**

1. The evidence is insufficient to prove Appellant violated his probation by possessing a controlled substance.

# STATEMENT OF FACTS

On December 11, 2023, Appellant was placed on deferred probation for a period of 5 years. (C.R. p. 58)

One of the conditions of probation reads: "[c]ommit no offense against the laws of this or any other State or United States, and do not possess a firearm during the term of supervision." (C.R. p. 61)

On July 30, 2024, the State filed a motion to revoke, which reads: "[t]he Defendant Tommy Lee Garrett, violated the laws of The State of Texas in that on or about July 26, 2024 in Dallas County, Texas did unlawfully and intentionally: MAN DEL CS 1>=4G<200G." (C.R. p. 79-80)

On May 27, 2025, a hearing was held on the State's motion to revoke. (R.R. Vol. 2, p. 1)

The Court called F21-58641, F21-71439, and F21-58640 to be heard. (R.R. Vol. 2, p. 5)

Appellant pled not true in all three cases.  (R.R. Vol. 2, p. 7)

**Officer Steven Winters** testified he was with the CRT unit on July 26, 2024. He was assigned to monitor areas where drug sales tend to take place and take enforcement action.  (R.R. Vol. 2, p. 10)

On July 26, 2024, Officer Winters "was conducting surveillance on a residence that I suspected was selling drugs out of, I believe it was 5315 Colonial, which was right behind the Lady Love Liquor Store."  (R.R. Vol. 2, p. 11)

Officer Winters observed individuals conducting hand to hand transactions in the open lot directly to the north of the Lady love Liquor Store.  (R.R. Vol. 2, p. 12)

Officer Winters observed Appellant "set up a position at the northeast corner of the Lady Love Liquor Store."  (R.R. Vol. , p. 13)

Winters saw Appellant set up a chair and begin to conduct hand to hand transactions.  (R.R. Vol. 2, p. 13-14)

Winters saw people give Appellant money. Appellant then pulled "small items" from the bag and hand it to the people who would immediately walk off. (R.R. Vol. 2, p. 15)

The bag "was a black bag, like a satchel or fanny pack looking bag." (R.R. Vol. 2, p. 15)

Officer Winters also observed a lady who was conducting hand to hand transactions in the parking lot. (R.R. Vol. 2, p. 16)

The bag was hung on a pole that was near Appellant. Officer Winters saw no one else possess the bag. (R.R. Vol. 2, p. 17)

After making these observations Officer Winters asked Officer Brandon Anderson to detain Appellant. (R.R. Vol. 2, p. 17)

Officer Winters testified he then observed "Mr. Garrett get the bag and go into the store. Not a run, but a fairly quick walk." (R.R. Vol. 2, p. 17)

Eventually, Officer Winters went into the store, "because Officer Anderson was having a hard time finding the bag. Apparently, Mr. Garret went inside the store and threw the bag inside the store. Officer Anderson couldn't find it, so I went inside to help him." (R.R. Vol. 2, p. 18)

The bag was found and searched. It contained cocaine and heroin. (R.R. Vol. 2, p. 18-19)

On cross-examination Officer Winters testified he couldn't tell if there was any writing on the outside of the black bag. (R.R. Vol. 2, p. 21)

Officer Winters lost sight of Appellant "[r]ight when he went inside the door" of the liquor store. (R.R. Vol. 2, p. 30)

"Twenty or thirty minutes" after Anderson started looking for the black bag Winters went in to help him. (R.R. Vol. 2, p. 30)

When the bag was found there was nothing to identify it as belonging to Appellant. (R.R. Vol. 2, p. 31)

10

A picture of the bag was admitted without objection as State's exhibit 4. (R.R. Vol. 2, p. 33)

The picture shows a distinct letter "z" in a box on the side of the bag. (R.R. Vol. 2, p. 33-34)

Winters testified that "little" handle on the bag was "distinct" to him but not the writing. (R.R. Vol. 2, p. 34)

Appellant was taken into custody for "suspicion of selling narcotics" and put in a squad car. (R.R. Vol. 2, p. 34)

No one was stopped from entering or leaving the store while the bag was searched for. (R.R. Vol. 2, p. 35-36)

It took 20 minutes to find the bag after Appellant was detained. (R.R. Vol. 2, p. 38)

The outside of the Lady Love Liquor Store was searched. (R.R. Vol. 2, p. 40)

11

**Officer Brandon Anderson** is assigned to the CRT unit. On July 26, 2024 he was the uniformed officer rather than undercover. (R.R. Vol. 2, p. 44)

Officer Winters relayed to Anderson that he had observed Appellant selling drugs. That is when Officer Anderson moved in and detained him. (R.R. Vol. 2, p. 45)

Officer Anderson pulled up at the front door. He saw Appellant throw the "little black bag" inside the store. (R.R. Vol. 2, p. 47)

Officer Anderson's body cam footage was admitted without objection as State's exhibit number 1 and published. (R.R. Vol. 2, p. 48-49)

Appellant threw the bag to the back left corner of the store. (R.R. Vol. 2, p. 49)

Anderson found the bag under a beer cooler. It was 6 inches off the floor. (R.R. Vol. 2, p. 52)

There were only "a couple" of people in the store while Anderson searched. There was a clerk, a janitor, and a customer. None of them had the black bag. (R.R. Vol.

12

2, p. 53)

Cocaine was found in the bag.  (R.R. Vol. 2, p. 54)

Heroin capsules were in the black bag.  (R.R. Vol. 2, p. 55)

The lab report was introduced without objection as State's exhibit 10 and published. (R.R. Vol. 2, p. 60)

The report states that rock and powder cocaine was found, weighing 5.67 grams. (R.R. Vol. 2, p. 61)

The heroin weighed .37 grams.  (R.R. Vol. 2, p. 62)

At 3 minutes and 28 seconds the three beer coolers are visible. The janitor in the blue shirt is standing next to one of them, where the bag was found.  (R.R. Vol. 2, p. 85)

Officer Anderson testified somebody would have had to shove the bag under the

cooler. It could not have just landed there.  (R.R. Vol. 2, p. 86)

The State rested.  (R.R. Vol. 2, p. 88)

**John Smith** saw Appellant get arrested on July 26, 2024.  (R.R. Vol. 3, p. 6)

Smith hangs out and panhandles by the Lady Love Liquor Store.  (R.R. Vol. 3, p. 6-7)

Smith speaks to Appellant and Appellant speaks to him. Sometimes Appellant gives Smith some money.  (R.R. Vol. 3, p. 8)

Smith saw Appellant arrive on July 26, 2024. "He stopped right there on that corner and hang a bag up on that bar there beside of the store. He hung a bag up there." (R.R. Vol. 3, p. 9)

The bag was a "little backpack."  (R.R. Vol. 3, p. 10)

After Appellant hung up the bag he went into the store.  (R.R. Vol. 3, p. 10)

14

An officer went into the store, brought Appellant out and handcuffed him and set him on the ground.  (R.R. Vol. 3, p. 10)

The officers searched the backpack and hung it back up.  (R.R. Vol. 3, p. 10-11)

Appellant had nothing in his hands when he went into the store.  (R.R. Vol. 3, p. 11-12)

Smith did not see Appellant selling drugs on July 26, 2024.  (R.R. Vol. 3, p. 13)

Smith was shown some footage from State's exhibit 1 beginning at 1:14. He recognized the man in the blue Mavericks jersey as the man he has seen in the past with the black bag at issue.  (R.R. Vol. 3, p. 20)

Both sides rested and closed.  (R.R. Vol. 3, p. 25)

The Trial Court adjudicated Appellant's guilt in all three cases.  (R.R. Vol. 3, p. 29)

Sentence was set at 8 years confinement in all three cases.  (R.R. Vol. 3, p. 36)

**POINT OF ERROR ONE**

**THE EVIDENCE IS INSUFFICIENT TO PROVE APPELLANT VIOLATED**

**HIS PROBATION BY POSSESSING A CONTROLLED SUBSTANCE**

**SUMMARY OF ARGUMENT**

The evidence is insufficient to prove by a preponderance of the evidence that Appellant possessed a controlled substance in violation of his probation contract.

**ARGUMENT**

Appellant was on probation at the time the State filed a motion to revoke accusing him of possessing a controlled substance. At the hearing held on the motion Appellant pled not true.

At the hearing Officer Winters testified he saw Appellant come to a vacant lot next to the Lady Love Liquor Store. Both the store and vacant lot are known for drug activity. Winters saw Appellant hang a black bag with no markings on a pole by the strap and sit down in a chair. This was not unusual because a lot of homeless

16

people hang out in the vacant lot.

A little while later, observing through binoculars winters saw three, what he assumed to be, drug transactions, between Appellant and passersby. Winters testified he saw appellant take a small item from the bag and give it to each passerby in exchange for money. No money was found in the bag or on Appellant's person at the time of his arrest.

When Winters felt as though he had seen enough he radioed Officer Anderson to detain Appellant. Officer Anderson was in uniform and in a marked patrol car that day. Meanwhile, Officer Winters was there in plain clothes and an unmarked car. Officer Anderson, who was relying on Winters for information, not having been in position to observe the lot from his car, drove around to the front door of the liquor store. From that point Anderson saw Appellant go through the front door of the store and throw the bag. Nevertheless, other police officers searched the outside of the store for the bag. Anderson went inside, detained Appellant and brought him back out, putting him in a police car.

Anderson couldn't find the bag, so after about 30 minutes, Winters went inside to help him look. After another period of time a black bag was found about six inches off the floor under a beer cooler. Since the bag that was thrown could not have landed there, Winters surmised that the janitor who was sweeping the floor nearby

must have grabbed it and hidden it there.

When the bag was searched heroin and cocaine were found inside. On the outside of the bag was a distinctive marking. The letter Z was depicted inside a box. Winters testified there were no markings on the bag. The only thing Winters was certain of was he had caught the right man. Winters's observation point was some 500 feet from the vacant lot from his covert position. It was not a good enough vantage point to discern the distinguishing "Z" on the side. Only that the bag he saw was black.

So unsure were the officers that the bag was actually thrown into the store, that they searched the outside of the store as well.

Moreover, there were no affirmative links from the bag found to Appellant. There was nothing on the bag, or attached to it, identifying the owner. There was nothing found inside the bag to indicate it belonged to Appellant. It was just a generic black bag that looked somewhat like the one Winters had seen Appellant hang on a pole from a distance of 500 feet.

A trial court's decision to adjudicate guilt and revoke probation is reviewed for an abuse of discretion. Caballero v. State¸706 S.W. 3d 562, 565-566 (Tex. App. – Austin 2024). A trial court may revoke a defendant's probation if the State proves by preponderance of the evidence a single violation of the defendant's probation

18

conditions. <u>Hacker v. State</u>, 389 S.W. 3d 860, 864-866 (Tex. Crim. App. 2013). The record is reviewed in the light most favorable to the trial court's decision to determine an abuse of discretion. <u>Brooks v. State</u>, 323 S.W. 3d 893, 899 (Tex. Crim. App. 2010). In the present case the Trial Court abused its discretion because the State failed to prove the bag found in the Lady Love Liquor Store belonged to Appellant.

## PRAYER

WHEREFORE Premises Considered, Appellant prays that this Honorable Court reverse and acquit or remand this cause to the Trial Court for further proceedings.

Respectfully submitted:

<u>/s/ Allan Fishburn</u>
Allan Fishburn
State Bar Number: 07049110
1910 Pacific Avenue
Suite 18800
Dallas, Texas 75201
Tel: (214) 761-9170
allanfishburn@yahoo.com

**CERTIFICATE OF COMPLIANCE**

I hereby certify the foregoing document contains 2,477 words.

/s/ Allan Fishburn
Allan Fishburn

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Brief was e-served to the Dallas County District Attorney's office at dcdaappeals@dallascounty.org on this the 21st day of August 2025.

/s/ Allan Fishburn
Allan Fishburn

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Allan Fishburn on behalf of Allan Fishburn
Bar No. 07049110
allanfishburn@yahoo.com
Envelope ID: 104687939
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description:
Status as of 8/21/2025 3:06 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dallas Appeals | | dcdaappeals@dallascounty.org | 8/21/2025 3:02:59 PM | SENT |